Ivan Dario SERNA–ARBELAEZ, Luder D. Serna–Perez, Marilyn E. Serna–Perez, Viviana Maria Perez Diez, Petitioners,

v.

Michael B. MUKASEY,[1] Attorney
General, Respondent.

No. 06–5311–ag.

United States Court of Appeals,
Second Circuit.

May 6, 2008.

Olinda Morales, West Hartford, Connecticut, for Petitioners.

Jacob Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. (Michael J. Butler, Assistant United States Attorney, for Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, on the brief), for Respondent.

PRESENT: Honorable DENNIS JACOBS, Honorable SONIA SOTOMAYOR, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Ivan Dario Serna–Arbelaez, his wife Viviana Maria Perez–Diez, and their children Luder D. Serna–Perez and Marilyn E. Serna–Perez, all citizens of Colombia, seek review of BIA orders affirming the April 28, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying their applications for asylum, withholding of removal, and relief under the Convention

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Against Torture ("CAT").[2] *See In re Ivan Dario Serna–Arbelaez,* No. A 79 477 674 (B.I.A. Oct. 30, 2006), *aff'g* No. A 79 477 674 (Immig.Ct.Hartford, Apr. 28, 2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

When, as in this case, the BIA summarily affirms the decision of an IJ, this court reviews the IJ's decision as the final agency determination. *See, e.g., Biao Yang v. Gonzales,* 496 F.3d 268, 271 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008).

Persecution on account of political opinion is an enumerated ground for asylum when committed by the government or by private actors whose actions the government has proved unwilling or unable to control. *See Pavlova v. INS,* 441 F.3d 82, 91 (2d Cir.2006); *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985) (holding that term "persecution" in Refugee Act encompasses only harm inflicted "either by the government of a country or by persons or an organization that the government was unable or unwilling to control") (*overruled in part on other grounds by Matter of Mogharrabi,* 19 I. & N. Dec. 439 (BIA 1987)). Persecution may be "on account of" imputed, as well as actual, political opinion, regardless of whether the imputation is accurate. *See Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005)

(recognizing imputed political opinion as a protected ground); *see also Tao Jiang v. Gonzales,* 500 F.3d 137, 142 (2d Cir.2007) ("Evidence of imputed political opinion may be direct or circumstantial, and need only show that '[the persecutors] were in part motivated by an assumption that [the applicant's] political views were antithetical to those of the Government.'" (quoting *In re S–P–,* 21 I. & N. Dec. 486, 492 (BIA 1996))).

We conclude that substantial evidence does not support the IJ's finding that "no evidence" demonstrated that the guerilla National Liberation Army ("ELN") harassed and threatened Serna–Arbelaez because they imputed to him political sympathies toward paramilitary organizations. The ELN demanded that Serna–Arbelaez divulge membership lists of the paramilitaries. This assumed that Serna–Arbelaez had such lists, which allows an inference that the ELN believed he was affiliated with the paramilitaries. Moreover, his refusal to cooperate with the ELN supports a second inference: the ELN imputed a political opinion to him (*i.e.,* opposition to the ELN). *See Delgado v. Mukasey,* 508 F.3d 702, 707 (2d Cir.2007) (identifying error in agency's failure to consider testimony that petitioner feared guerilla organization would impute political opinion to her based on her refusal to provide computer services); *Vumi v. Gonzales,* 502 F.3d 150, 158–59 (2d Cir.2007) (remanding for agency to consider whether petitioner's refusal to provide information regarding political assassination might prompt officials to impute hostile political opinion).

As the agency's denial of Serna–Arbelaez's asylum claim rested entirely upon its unsupported finding that he had advanced

---

**2.** Because Serna–Arbelaez's wife and children pursue derivative asylum claims, we refer to

Serna–Arbelaez alone throughout this order.

"no evidence" that the harms he suffered were "on account of" political opinion, we cannot "be confident that, absent these errors, the agency would reach the same result upon reconsideration." *Delgado v. Mukasey*, 508 F.3d at 708. Accordingly, we remand to the agency to consider, consistent with this order, whether Serna–Arbelaez met his burden of proof to establish imputed political opinion, as well as the other elements of an asylum claim that the agency did not have occasion to reach in the first proceeding. *See* 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" eligible for asylum as person "who is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of the protection of, [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion").

As Serna–Arbelaez failed to challenge the IJ's CAT determination in his appeal to the BIA and before this Court, any such challenge is deemed unexhausted and forfeited and must be dismissed. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the reasons stated above, we DISMISS the claim under the Convention Against Torture; GRANT the petition as to the claims for asylum and withholding of removal; VACATE the BIA's orders; and REMAND for further proceedings consistent with this order. We DENY as moot the pending motion for a stay of removal.