**Umaru JALLOH, Petitioner,**

v.

**Eric H. HOLDER Jr.,[1] United States Attorney General, Respondent.**

No. 08–4929–ag.

United States Court of Appeals, Second Circuit.

July 2, 2009.

Theodore Vialet, New York, NY, for Petitioner.

Michael F. Hertz, Deputy Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation,

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Umaru Jalloh, a native and citizen of Sierra Leone, seeks review of a September 10, 2008 order of the BIA affirming the June 20, 2006 decision of Immigration Judge ("IJ") Elizabeth Lamb denying Jalloh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Umaru Jalloh,* No. A77 707 337 (BIA Sep. 10, 2008), *aff'g* No. A77 707 337 (Immig. Ct. N.Y. City Jun. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's finding that Jalloh failed to establish that the persecution he endured was on account of a protected ground. Contrary to Jalloh's assertion in his brief that "he was persecuted on account of his Fulani ethnicity" and on account of his support of President Kabbah, he testified that he was attacked along with others during a rebel ambush, that he did not know the rebels'

motivation, and that he did not belong to any political group that would have motivated the rebels. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 n. 3 (2d Cir.1999) ("[g]eneral violence in El Salvador does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution"); *see also Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (finding that an asylum claim cannot be based on a random act of violence during a period of significant strife). While Jalloh argues in his brief that "the record evidence was *sufficient* to show that [he] suffered persecution and has a well-founded fear of persecution in Sierra Leone," he fails to point to any record evidence that supports his claim. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Absent any argument compelling a contrary conclusion, we will not disturb the agency's nexus finding. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95. Accordingly, the agency's denial of Jalloh's application for asylum was proper. *See Melgar de Torres,* 191 F.3d at 313 n. 2, 314 n. 3.

Because substantial evidence supports the agency's nexus finding, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Additionally, because Jalloh failed to challenge the agency's denial of his application for CAT relief in his brief to this Court, that claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).