SUMMARY ORDER

Tamara Jdankova, native of the former Union of Soviet Socialist Republics, specifically, Russia, and a citizen of Uzbekistan, seeks review of an August 8, 2008 order of the BIA dismissing an appeal from the January 26, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied Jdankova’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). See In re Tamara Jdankova, No. A79 316 934 (B.I.A. Aug. 8, 2008); In re Tamara Jdankova, No. A79 316 934 (Immig. Ct. N.Y. City Jan. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA issues a brief opinion that does not expressly adopt but otherwise closely tracks the IJ’s reasoning, we may review both decisions “for the sake of completeness.” Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008) (internal quotation marks omitted). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Jdankova contends that the agency’s adverse credibility determination is not supported by substantial evidence. We are not persuaded. The agency based its determination primarily on the following observed inconsistency: While Jdankova stated in her affidavit that she did not visit a doctor after her alleged rape, she testified before the IJ that she did, in fact, seek medical treatment after the event. This record-supported finding — which went to the heart of Jdankova’s pre-REAL ID Act asylum application — furnished substantial evidence for the agency’s adverse credibility determination. See Secaida-Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003).
*651 Jdankova now tries to reconcile that inconsistency, but it is not our task to “justify ... contradictions.” See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (alteration omitted). Jdankova had such an opportunity before the IJ. She also had the chance to substantiate her testimony, namely by submitting a medical report documenting the physical effects of the assault. The government, however, submitted a report of its own — a memorandum from the U.S. Embassy in Tashkent — stating, inter alia, that (1) the bureau from which Jdankova’s medical report purportedly emanated did not exist at the time the medical examination was stated to have been conducted and (2) the only such bureau existing at the time of the alleged examination had no record of employing the doctor who conducted the examination. In light of this report, it was not unreasonable for the agency to attribute little weight to Jdankova’s medical documentation. See id.
Because Jdankova’s withholding of removal and CAT claims were based on the same factual predicates as her asylum claim, the agency’s rejection of the latter necessarily foreclosed the availability of the former. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED.