SUMMARY ORDER

Petitioners Abindin, Leonora, Xhoni, and Xhoana Agolli, all natives and citizens of Albania, seek review of the March 28, 2008 order of the BIA affirming the August 16, 2006 decision of Immigration Judge (“IJ”) Patricia A. Rohan denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Abindin Agolli et al., Nos. A097 162 983/984/985/986 (B.I.A. Mar. 28, 2008), aff'g Nos. A097 162 983/984/985/986 (Immig. Ct. *699 N.Y. City Aug. 16, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As a preliminary matter, we retain jurisdiction to consider the instant petition for review despite the fact that petitioners were placed in “asylum-only” proceedings. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir.2006). When the BIA does not expressly “adopt” the IJ’s decision, but its decision closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou, Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Applicable regulations require IJs to exercise the Attorney General’s discretion to deny asylum to applicants who establish eligibility based solely on past persecution when the government establishes a fundamental change in circumstances sufficient to rebut the presumption of well-founded fear. 8 C.F.R. § 1208.13(b)(1). Here, having found that Abindin Agolli suffered past persecution, the agency determined that the Government successfully rebutted any presumption of a well-founded fear based on evidence that: (1) since the 2005 elections, the Democratic Party controlled the Albanian government; (2) the human rights of Albanian citizens were generally respected; and (3) State Department reports revealed a lack of politically motivated arrests or disappearances. We have upheld similar findings and are not compelled to reach a different conclusion here. See Hoxhallari v. Gonzales, 468 F.3d 179, 187 (2d Cir.2006) (observing that the election of the Democratic Party in Albania negated petitioner’s presumption of a well-founded fear based on his pro-democracy activities).
Petitioners argue that the agency failed to consider contradictory evidence in the record. While we have held that the agency must consider an applicant’s country conditions evidence, see Yan Chen v. Gonzales, 417 F.3d 268, 272 (2d Cir.2005), nothing in the record suggests that the BIA ignored the evidence submitted in this case, see Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (“[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.”). Thus, we find no reason to disturb the agency’s finding that fundamental changed circumstances rebutted any presumption of a well-founded fear of persecution.
Abindin Agolli also asserts that the agency erred by refusing to grant him humanitarian asylum. This argument is unavailing. To be eligible for humanitarian asylum, a petitioner must demonstrate “compelling reasons for being unwilling or unable to return ... [that] aris[e] out of the severity of the past persecution.” 8 C.F.R. § 1208.13(b)(l)(iii)(A); see In re N-M-A-, 22 I. & N. Dec. 312, 326 (BIA 1998) (petitioner must show “severe harm and the long-lasting effects of that harm”). We may overturn a discretionary denial of humanitarian asylum only if it is “manifestly contrary to the law and an abuse of discretion.” 8 U.S.C. § 1252(b)(4)(D); Wu Zheng Huang v. INS, 436 F.3d 89, 96 (2d Cir.2006).
As the BIA observed, humanitarian asylum has been reserved for only the most “atrocious” forms of persecution. See Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989). We cannot find that the BIA abused its discretion in finding that, although “despicable,” Agolli’s mistreatment *700 did not reach that level. See Jalloh v. Gonzales, 498 F.3d 148, 152 (2d Cir.2007); see also Matter of Chen, 20 I. & N. Dec. at 20 (persecution resulting in permanent disability, constant anxiousness and fearfulness, and suicidal thoughts sufficient to demonstrate “compelling reasons”).
Because the agency correctly determined that the Petitioners failed to satisfy the lower burden of proof for asylum, it also properly denied their application for withholding of removal. Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (failure to establish eligibility for asylum necessarily precludes eligibility for withholding of removal because of the latter’s higher standard of proof). Petitioners’ mere reference to CAT protection in their summary of the argument does not suffice as a challenge to the agency’s denial of that relief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (issues not raised before this court are waived and will not ordinarily be addressed on appeal).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).