**Shusil THAPA, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Eric H. Holder Jr., Attorney General,[1] Respondents.**

**No. 08–5812–ag.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2009.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Michelle G. Latour, Assistant Director, Kimberly A. Burdge, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: ROBERT A. KATZMANN, REENA RAGGI, DEBRA ANN LIVINGSTON, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for for-mer Attorney General Michael B. Mukasey as a respondent in this case.

## SUMMARY ORDER

Petitioner Shusil Thapa, a native and citizen of Nepal, seeks review of the October 31, 2008 order of the BIA affirming the July 31, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shusil Thapa,* No. A099 686 064 (B.I.A. Oct. 31, 2008), *aff'g* No. A099 686 064 (Immig. Ct. N.Y. City July 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir. 2007). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Thapa concedes that he did not file his asylum application within one year of his arrival in the United States and thus is ineligible for asylum. *See* Pet'r Br. 15. Thapa's petition for review therefore is limited to the agency's decision regarding his application for withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Our review of the agency's decision with respect to Thapa's application for withholding of removal is frustrated because the basis for the BIA's decision to affirm the IJ is unclear. *See, e.g., Dong Zhong Zheng v. Mukasey,* 552 F.3d 277, 285 (2d Cir.2009); *Mohammad Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam). Regarding his asylum application, the IJ found that Thapa lacked credibility and that, even if he were credible, he failed to demonstrate that he had suffered past persecution on account of a protected ground. The IJ found also that Thapa had not demonstrated a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). Specifically, although the IJ stated that Thapa had shown an objectively reasonable fear of future persecution based on the U.S. State Department's 2006 Report on Human Rights Practices in Nepal, he had not shown that his fear was subjectively reasonable.

The IJ then went on to find that Thapa "ha[d] failed to meet the higher burden for a Withholding of Removal claim," and rejected that claim "for all of the reasons previously stated." But in contrast to asylum claims, "[w]ithholding [of removal] claims ... lack a subjective component and are concerned only with objective evidence of future persecution." *Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir. 2006).

The BIA appears to have affirmed the IJ's decision regarding withholding of removal on the ground that Thapa failed to identify any harm that would amount to persecution on the basis of a protected ground. If that indeed was the basis for its decision, then the BIA should have explained why it disagreed with the IJ's finding that Thapa's fear of future persecution was objectively reasonable. On the other hand, if the BIA intended to affirm the IJ's denial of Thapa's application for withholding of removal on the ground that the Country Report did not establish that it is "more likely than not" that Thapa's "life or freedom would be threatened" on account of a protected ground, 8 C.F.R. § 1208.16(b)(1)(iii), it should have made that plain, *see id.* § 1003.1(d)(3)(i) ("Facts determined by the immigration judge ... shall be reviewed [by the BIA] only to

determine whether the findings of the immigration judge are clearly erroneous."). Accordingly, we remand for the BIA to clarify the basis for this aspect of its decision.

The agency denied Thapa's application for relief under the CAT on the ground that there was no evidence in the record to support Thapa's argument that he would more likely than not be tortured if returned to Nepal. This finding is supported by substantial evidence. Thus, this aspect of Thapa's petition for review is denied.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part. We VACATE the BIA's decision insofar as it affirmed the IJ's denial of Thapa's application for withholding of removal and REMAND to the BIA for it to clarify the basis for its decision regarding that application. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.