**Sucurija TAFOVIC, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–1127–ag.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2009.

**522**

Saul C. Brown, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSEPH M. McLAUGHLIN, DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Sucurija Tafovic, a native and citizen of Montenegro,[1] seeks review of a March 5, 2009 order of the BIA, affirming the October 18, 2006 decision of Immigration Judge ("IJ") Philip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sucurija Tafovic*, No. A077 322 694 (B.I.A. Mar. 5, 2009), *aff'g* No. A077 322 694 (Immig. Ct. N.Y. City Oct. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ We find no error in the agency's denial of Tafovic's application for asylum and withholding of removal. The BIA properly concluded that Tafovic did not suffer past persecution at the hands of "boat patrol" officers. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n. 3 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Matter of T–Z–*, 24 I. & N. Dec. 163, 170–71 (BIA 2007). As the government concedes, however, the agency likely erred in finding that Tafovic failed to establish past persecution when he resisted conscription into the Serbian military. *See Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005). Yet, even if we were to find that the agency erred in determining that Tafovic did not establish past persecution, such error would not warrant remand because the agency offered a valid alternative basis for its denial of relief. *See* 8 C.F.R. § 1208.13(b)(1)(i); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006).

■ Substantial evidence supports the IJ's conclusion that "there has been a fundamental ... significant change in country conditions .... [and] that there would be little likelihood of persecution to the respondent if he were to return to Montenegro at this time." In support of that finding, the IJ relied on the 2005 U.S. Department of State Report on Human Rights Practices, which indicates that Montenegro is independent from Serbia,

---

1. Although the agency originally designated Tafovic as a native and citizen of Yugoslavia, he was ordered removed to Montenegro.

and that the government generally respects the human rights of its citizens. The IJ further noted that Montenegro has passed amnesty laws exempting persons such as Tafovic from prosecution for evasion of military service. This evidence was ample support for the agency's finding of a fundamental change in circumstances. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187–88 (2d Cir.2006); *cf. Alibasic v. Mukasey,* 547 F.3d 78, 81–82 (2d Cir.2008). Finally, the IJ reasonably noted Tafovic's testimony that authorities have not looked for him since 2000 and that his parents and three sisters are able to live in Montenegro without suffering persecution. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). These facts support the agency's conclusion that Tafovic's fear of persecution was not objectively well-founded.

■ Because Tafovic was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Tafovic does not challenge the agency's denial of his request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).