08-5664-ag
Siu v. Holder

BIA
Nelson, IJ
A098 563 370

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand ten.

PRESENT:
     ROSEMARY S. POOLER,
     BARRINGTON D. PARKER,
     RICHARD C. WESLEY,
               *Circuit Judges*.

_____

YUEN CHUEN SIU,
          *Petitioner*,

          v.                                    08-5664-ag
                                                NAC
ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,*
          *Respondent*.

_____

---

     * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          John X. Wang, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Terri J. Scadron, Assistant
                         Director; Genevieve Holm, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yuen Chuen Siu, a native and citizen of the People's Republic of China, seeks review of a November 6, 2008 order of the BIA that: (1) affirmed the October 26, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, which pretermitted his application for asylum and denied his application for withholding of removal; and (2) denied his motion to remand. *In re Yuen Chuen Siu*, No. A098 563 370 (B.I.A. Nov. 6, 2008), *aff'g* No. A098 563 370 (Immig. Ct. N.Y. City Oct. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, because Siu does not challenge: (1) the agency's pretermission of his application for asylum; (2) the agency's finding that prosecution for

illegally departing China did not constitute persecution; and (3) the BIA's denial of his motion to remand, we deem any such arguments abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find that the agency reasonably concluded that Siu failed to demonstrate that he had suffered past persecution in China. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985). This Court has clarified that a valid past persecution claim can

be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (citing *Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d. Cir. 2004)). In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Economic harm may constitute persecution, however, "an applicant for asylum must demonstrate a severe economic disadvantage." *In re T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007). Indeed, "[t]he economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *Id.*

Although Siu testified before the IJ that his family was deprived of food subsidies, education, medical benefits, and housing in China, he provided no specific details of ever being denied such benefits. Furthermore, Siu admitted that when he was five years old, his family moved to Hong Kong where he attended school for eleven years and suffered no harm. Because Siu failed to describe any incident of

4

harm suffered, much less severe harm, the agency reasonably determined that he did not establish that he had suffered past persecution. *See Ivanishvili*, 433 F.3d at 341; *In re T-Z-*, 24 I. & N. Dec. at 172-73.

Similarly, the agency did not err in finding that Siu failed to demonstrate a likelihood of forced sterilization on account of the birth of his U.S. citizen child. Indeed, in light of the fact that Siu was not in violation of China's family planning policy with the birth of his one child, the agency did not err in finding speculative his fear of such persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Accordingly, as Siu failed to demonstrate either past persecution or a likelihood of future persecution, the agency did not err in denying his application for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5