09-4822-ag
Yang v. Holder

BIA
Brennan, IJ
A093 409 895

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of November, two thousand ten.

PRESENT:
>ROBERT A. KATZMANN,
>PETER W. HALL,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

GUI BIAO YANG,
>*Petitioner,*

v.                                              09-4822-ag
                                                NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>*Respondent.*

_____

FOR PETITIONER:      Jed S. Wasserman, Kuzmin &
                     Associates, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Cindy S. Ferrier, Senior
                     Litigation Counsel; Jessica E.
                     Sherman, Trial Attorney, Office of
                     Immigration Litigation, U.S.
                     Department of Justice, Washington
                     D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gui Biao Yang, a native and citizen of the People's Republic of China, seeks review of an October 23, 2009 decision of the BIA affirming the January 24, 2008 decision of Immigration Judge ("IJ") Noel N. Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gui Biao Yang*, No. A093 409 895 (B.I.A. Oct. 23, 2009), *aff'g* No. A093 409 895 (Immig. Ct. N.Y. City Jan. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency correctly concluded that Yang was not eligible for asylum based solely on his wife's forced abortions. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). Nonetheless, our decision in *Shi Liang Lin* permits a petitioner to establish his eligibility for relief by demonstrating that he engaged in "other resistance" to the family planning policy and that he either suffered past persecution or had a well founded fear of future persecution on account of such other resistance. *Id.* at 313; 8 U.S.C. § 1101(a)(42).

Although Yang claimed that he desired to have multiple children, that his wife was pregnant three times after the birth of their first child, that he attempted to obtain permission to have a second child, and that his wife was forced to undergo an abortion three times, these actions did not constitute resistance to the family planning policy. *See Shi Liang Lin*, 494 F.3d at 313; *see also Matter of S-L-L-*, 24 I. & N. Dec. 1, 11 (BIA 2006) (finding that the applicant failed to demonstrate "other resistance" by

2

"impregnating his underage girlfriend, seeking permission to marry outside the age requirements for marriage, and seeking permission to have the child outside the age requirements for having children"). Moreover, Yang admitted at his hearing that he never tried physically to resist family planning officials, nor did he even speak to them. Based on the evidence presented, the agency reasonably concluded that Yang did not meet his burden in establishing his eligibility for asylum, withholding of removal, or CAT relief based on his claim of "other resistance." *See Shi Liang Lin*, 494 F.3d at 313.

With respect to Yang's claims for withholding of removal and CAT relief based on his purported illegal departure from China, the agency did not err in finding that Yang failed to establish it was more likely than not that he would be persecuted or tortured if returned to China. Because in this regard Yang indicated that he would be punished for violating a generally applicable law and not persecuted on account of a protected ground, the agency did not err in concluding that he failed to establish his eligibility for withholding of removal. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Also, because Yang primarily relied on human rights reports and did not present any particularized evidence that he would be singled out for torture based on his illegal departure, the agency did not err in finding that Yang failed to establish his eligibility for CAT relief. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3