Depa v. Holder

BIA
Nelson, IJ
A093 397 355

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of July, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> PETER W. HALL,
>> Circuit Judges.

_____

TASHI DEPA,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

11-1804-ag
NAC

_____

FOR PETITIONER:      Jason A. Nielson, Law Offices of
                     Thomas Mungoven, New York, New York

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Greg D. Mack, Senior
                     Litigation Counsel; Shahrzad Baghai,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tashi Depa, an ethnic Tibetan, seeks review of an April 5, 2011 decision of the BIA affirming the February 6, 2009 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Depa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tashi Depa*, No. A093 397 355 (B.I.A. Apr. 5, 2011), *aff'g* No. A093 397 355 (Immig. Ct. N.Y. City Feb. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

While "a 'petitioner's nationality, or lack of nationality, is a threshold question in determining . . . eligibility for asylum,'" *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006) (quoting *Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005) (per curiam)), the IJ reasonably concluded here that Depa is a Chinese national in light of her statement on the record that she is a native and citizen of Tibet.  The United States currently recognizes Tibet to be part of China.

The agency did not err in finding that the alleged persecution of Depa's parents and husband for opposing Chinese control of Tibet did not constitute persecution of Depa that would render her eligible for asylum.[1]  "As a general principle, an asylum applicant cannot claim past persecution based solely on harm . . . inflicted on a family member on account of that family member's political opinion . . . ."  *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).  The agency reasonably concluded that Depa failed to

---

[1] Depa does not challenge the agency's finding that her testimony regarding a beating she allegedly suffered as a child in China was not credible.  Though Depa challenges the IJ's finding that her testimony regarding harm she allegedly suffered in Nepal was not credible, we need not reach this argument because Depa has been ordered removed to China, not Nepal.

carry her burden of showing that she "shares (or is perceived to share) the characteristic [i.e., being a dissident] that motivated persecutors to harm th[ose] family member[s]." *Id.* The agency was therefore not required to consider Depa's allegation that she "suffered . . . continuing hardship after the[se] incident[s]" in the form of emotional and psychological harm. *Id.; see also Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010) (noting that "humanitarian asylum" is reserved for aliens who suffered "particularly severe" past persecution).

In addition, the agency did not err in concluding that Depa failed to demonstrate a well-founded fear of future persecution in China based on her political activities in Nepal and the United States. In order to establish such a well-founded fear, "an alien must make some showing that authorities in [her] country of nationality are either aware of [her] activities [outside that country] or likely to become aware of [such] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The agency reasonably concluded that record evidence did not show that Chinese authorities were likely to view Depa as a dissident based on her political activities outside China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)

4

(reasoning that absent "solid support" in record that fear of future persecution was objectively reasonable, such fear was "speculative at best").

Finally, because Depa's asylum, withholding of removal, and CAT claims share the same factual predicate, the agency did not err in denying all three forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5