12-3306
Dhakal v. Holder

BIA
Weisel, IJ
A089 915 705
A089 915 706
A089 915 707

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of November, two thousand thirteen.

PRESENT:
        ROBERT D. SACK,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges.*

_____

SURENDRA RAJ DHAKAL, SHILA PAHARI, SUJAN DHAKAI,
       *Petitioners,*

      v.                    12-3306
                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONERS:      Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer R.

**Khouri, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioners Surendra Raj Dhakal, Shila Pahari, and Sujan Dhakai, natives and citizens of Nepal, seek review of a July 27, 2012, order of the BIA, affirming an October 28, 2010 decision of Immigration Judge ("IJ") Robert D. Weisel, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Surendra Raj Dhakal*, *Shila Pahari*, *Sujan Dhakai*, Nos. A089 915 705/706/707 (B.I.A. July 27, 2012), *aff'g* Nos. A089 915 705/706/707 (Immig. Ct. N.Y. City Oct. 28, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 247 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.         Past Persecution

The agency applied an overly stringent legal standard in finding that Dhakal did not establish that his political opinion was "one central reason" that he was abducted, beaten, detained, threatened, and extorted by Maoist insurgents.  The agency acknowledged that Dhakal was an active member of the Nepali Congress Party and that the Maoists referenced Dhakal's party membership during and after his abduction, but found that the Maoists' primary reason for targeting him was to obtain medical expertise and money from him.  In doing so, the agency emphasized that the Maoists did not try to "prevent [Dhakal]...from continuing his activities" with the Nepali Congress Party, nor force him to quit the party.  First, these findings appear to misconstrue the record, which indicates that on various occasions, the Maoists told Dhakal to quit the party or referenced his failure to do so, and fail to acknowledge that Dhakal's abduction and detention amounted to his forcible conscription into the Maoist cause; Dhakal could hardly continue his prior political activities while detained and forced to work at a Maoist militia camp.

Moreover, an asylum claim based on political opinion does not require that the persecutor specifically attempt to stop the applicant's political activities, such as forcing Dhakal to resign from the Nepali Congress Party. Asylum law merely requires that the persecutor inflict harm rising to the level of persecution, with one central reason for the harm being the applicant's actual or imputed political beliefs. *INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) superseded by statute; *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir. 2005). Furthermore, although the Maoists' repeated references to Dhakal's party membership are integral to his claim, they are not the stopping point in assessing his political opinion, as we have repeatedly held that simply refusing to join a group or capitulate to its demands, based on actual or perceived ideological opposition to the group, may establish a claim based on actual or imputed political opinion. *See, e.g., Yueqing Zhang*, 426 F.3d at 546-47; *Delgado v. Mukasey*, 508 F.3d 702, 707 (2d Cir. 2007); *Rodas Castro v. Holder*, 597 F.3d 93, 103-04 (2d Cir. 2010); *Gomez-Beleno v. Holder*, 644 F.3d 139, 143-44 (2d Cir. 2011).

4

The parties do not dispute that the Maoists not only mentioned Dhakal's party membership on several occasions, but they also seriously beat and detained him when he initially refused to provide medical care to their injured militia members, and later accused him of betraying their cause and ordered him to pay money for his failure to support them, or else be killed. In light of this evidence and the relevant case law, we remand for the agency to make new findings as to whether, considered cumulatively, the Maoists' actions constituted past persecution on account of Dhakal's political opinion – either his party membership or his actual or imputed ideological opposition to the Maoist cause. In doing so, the agency should revisit whether Dhakal met the "one central reason" standard in light of our precedents governing the nexus requirement. *Aliyev v. Mukasey*, 549 F.3d 111, 117-18 (2d Cir. 2008); 8 U.S.C. § 1158(b)(1)(B)(i).

**II.      Well-Founded Fear of Future Persecution**

The agency further erred in failing to make any finding as to whether, even if Dhakal did not establish past persecution on account of his political opinion, he had a well-founded fear of future persecution on that basis, given his refusal to comply with the Maoists' demands. *See*

*Delgado*, 508 F.3d at 707. We have previously noted that even where an applicant was targeted in the past for non-political reasons, his refusal to support the group that targeted him or her may give rise to a well-founded fear of future persecution on account of an actual or imputed political opinion. *See id.* at 706-07; *see also Koudriachova v. Gonzales,* 490 F.3d 255, 264 (2d Cir. 2007). The agency erred in dismissing *Delgado* as irrelevant simply because it involves a claim filed before the effective date of the REAL ID Act of 2005; *Delgado* is not a "mixed motive" case implicating the REAL ID Act's addition of the "one central reason" standard discussed above, and thus, it remains good law in reference to Dhakal's arguments regarding his fear of future persecution. As a result, we remand for the agency to make findings as to whether, even if it determines that Dhakal did not establish past persecution under the asylum statute, he established a well-founded fear of future persecution on account of his actual or imputed political opinion. *See Koudriachova*, 490 F.3d at 264.

**III.    Convention Against Torture**

Because Petitioners do not meaningfully identify errors in the agency's denial of protection under the CAT, we deny the petition as to this claim. *See Yueqing Zhang*, 426 F.3d at 545 n.7.

6

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED for further proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk