Chen v. Holder

BIA
Weisel, IJ
A089 225 046

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, New York, on the 24ᵗʰ day of March, two thousand fourteen.

PRESENT:
>　ROSEMARY S. POOLER,
>　BARRINGTON D. PARKER,
>　RICHARD C. WESLEY,
>　　　*Circuit Judges.*

_____

GUANGHUI CHEN,
>　*Petitioner,*

>　　v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>　*Respondent.*

11-3204
NAC

_____

FOR PETITIONER:　　Gerald Karikari, New York, N.Y.

FOR RESPONDENT:　　Tony West, Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guanghui Chen, a native and citizen of the People's Republic of China, seeks review of a July 18, 2011, order of the BIA, affirming the September 3, 2009, decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guanghui Chen*, No. A089 225 046 (B.I.A. July 18, 2011), *aff'g* No. A089 225 046 (Immig. Ct. N.Y. City Sept. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Asylum**

Notwithstanding Chen's argument to the contrary, the agency did not err in finding that he failed to establish a

nexus between the harm he suffered and feared and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). Pursuant to section 101(a)(3) of the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(i), applicable in this case, "the applicant must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution. There was a reasonable basis for the agency to conclude that Chen's opposition to government corruption was a self-interested means of personal redress against the particular individuals who had targeted him for extortion. *See Castro*, 597 F.3d at 100 ("Although opposition to corruption for purely self-interested reasons may lack a political motivation, 'opposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime.'" (quoting *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005)). Indeed, Chen testified that he filed his complaint because the extortion made it impossible to continue to operate his business and his use of the Chinese courts as the means for redress does not evidence "a challenge to the legitimacy or

3

authority of the ruling regime." *See Castro*, 597 F.3d at 100.

While Chen argues that his receipt of an anonymous threatening telephone call following the filing of his complaint established the corruption of the Chinese courts, the agency reasonably rejected his assertion as overly speculative. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that "support for a contrary inference-even one more plausible or more natural-does not suggest error" and this Court will accord deference to the agency's finding where it "is tethered to the evidentiary record"); *see also Matter of N-M-*, 25 I. & N. Dec. 526, 532 (B.I.A. 2011) (indicating that "a showing of retaliatory harm for exposing acts of corruption, coupled with evidence that the corruption is in some way linked to a political system, would appear insufficient to demonstrate that a victim's anticorruption beliefs are 'one central reason' for retaliation against him"). Under these circumstances, the agency did not err in finding that Chen failed to establish a nexus between the harm he suffered and feared and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Yueqing Zhang*, 426 F.3d at 548.

## II. CAT Relief

While Chen asserts that he established his entitlement to CAT relief, the agency reasonably determined that he failed to show that he would likely be tortured if returned to China. As the agency noted, Chen's business partners have remained in China unharmed, *cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where similarly situated family members remain unharmed in petitioner's native country, a claimed fear of future harm is weakened), and he abandoned both his complaint against the officials and his business, which served as the basis for the extortion and threats, *cf. Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," a fear of future harm is "speculative at best"). Although Chen did testify that the commissioner of the public security bureau threatened to kill him, it was reasonable for the agency to conclude that this individualized threat did not indicate that any governmental entity had acquiesced in the commissioner's illegal conduct. *See Siewe*, 480 F.3d at 168-69; *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170 (2d Cir. 2004) ("CAT itself requires that torture be inflicted 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk