09-3437-ag
Wang v. Holder

BIA
Schoppert, IJ
A079 630 002

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of June, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
        PETER W. HALL,
                *Circuit Judges*.

_____

LI ZHENG WANG,
        *Petitioner*,

        v.                                        09-3437-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Eric Zheng, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; William C.
                       Peachey, Assistant Director;
                       Yamileth G. Handuber, Trial
                       Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Li Zheng Wang, a native and citizen of the People's Republic of China, seeks review of a July 23, 2009, order of the BIA, affirming the February 3, 2004, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Li Zheng Wang*, No. A079 630 002 (B.I.A. July 23, 2009), *aff'g* No. A079 630 002 (Immig. Ct. N.Y. City Feb. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Because Wang has failed to sufficiently argue before this Court that she established past persecution, we deem

any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Absent past persecution, an applicant may establish eligibility for asylum by showing that she subjectively fears persecution on account of an enumerated ground and that her fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency concluded, however, that Wang failed to demonstrate a well-founded fear of future persecution on account of China's family planning policy. *See* 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. § 1208.13(a). That conclusion was reasonably based on the fact that U.S. State Department reports do not demonstrate that women without children, such as Wang, are forced to undergo population control measures that would constitute persecution. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (holding that State Department Reports may be probative of issues before an I.J). Moreover, in order to constitute persecution, an IUD insertion must occur as a result of the applicant's resistance to the family planning policy. *See Xia Fan Huang v. Holder*, 591 F.3d 124, 130 (2d Cir. 2010). Here, Wang failed to show that any threatened insertion of an IUD would

3

be on account of her resistance to the family planning policy. Rather, she testified that family planning cadres threatened her because she failed to invite them to her wedding and because they erroneously believed her to have one child. Regardless, Wang was able to avoid further difficulty by paying a fine. Finally, the agency reasonably concluded that Wang could avoid persecution by relocating within China, as her husband had done. *See Matter of Acosta* 19 I. & N. Dec. 211, 212 (BIA 1985); *See also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

Ultimately, the agency did not err in finding that Wang failed to establish a well-founded fear of persecution. *See Corovic*, 519 F.3d at 95. Thus, to the extent that Wang's applications for asylum, withholding of removal, and CAT relief were based on her family planning claim, the agency properly denied those applications for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *cf. Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) (recognizing that "torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk