Dong v. Holder

BIA
Ferris, IJ
A200 026 025

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

LIMING DONG, AKA LI MING DONG,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

10-1542-ag
NAC

_____

FOR PETITIONER:        Theodore N. Cox, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Thomas B. Fatouros, Senior
                       Litigation Counsel; Robert Michael
                       Stalzer, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Liming Dong, a native and citizen of the People's Republic of China, seeks review of a final removal order issued by the BIA on March 26, 2010. The BIA's order affirmed the August 13, 2008 decision of Immigration Judge ("IJ") Noel Ferris, which denied petitioner's application for asylum and withholding of removal. *See In re Liming Dong*, No. A200 026 025 (B.I.A. Mar. 26, 2010), *aff'g* No. A200 026 025 (Immig. Ct. N.Y. City Aug. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA's brief opinion closely tracks the reasoning of the IJ's decision, this Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The "substantial evidence" standard of review applies, *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009), and we uphold the IJ's factual findings if they are supported by "reasonable, substantial and probative evidence in the record," *Lin Zhong v. U.S. Dep't of Justice*,

2

480 F.3d 104, 116 (2d Cir. 2007) (internal quotation marks omitted). However, "we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Yanqin Weng*, 562 F.3d at 513 (internal quotation marks and brackets omitted). Finally, in reviewing the decision of the BIA, we assume, but do not determine, the credibility of Dong's testimony. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).

This Court has determined that Section 601(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") does not provide that a spouse of someone who has been forced to undergo an abortion is automatically eligible for "refugee" status. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 310 (2d Cir. 2007). Instead, "such an individual must turn to the two remaining categories of § 601(a), which provide protection to petitioners who demonstrate 'other resistance to a coercive population control program' or 'a well founded fear that he or she will be . . . subject to persecution for such . . . resistance . . . .'" *Id.* (quoting 8 U.S.C. § 1101(a)(42)). Because Dong does not challenge the agency's finding that he failed to establish a well-founded fear of persecution, the

3

relevant question is whether Dong established persecution based on "other resistance." To make this showing, an applicant must demonstrate (1) "resistance" to a coercive family planning policy, which can "cover[] a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law"; and (2) that the applicant "has suffered harm amounting to persecution on account of that resistance." *Id.* at 313 (citing *In re S-L-L-*, 24 I. & N. Dec. 1, 10 (B.I.A. 2006)).

Dong argues that he resisted the family planning policy by paying a doctor to have his wife's IUD removed, helping his wife hide while she was pregnant, hiding himself, and refusing to pay a 5,000 RMB fine. However, even assuming that Dong's activities constituted "other resistance," *see Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633, 638 (B.I.A. 2008), Dong failed to show that he suffered harm amounting to persecution on account of that resistance. *See Shi Liang Lin*, 494 F.3d at 313. Dong's central argument -- that the psychological harm he suffered as a result of the involuntary abortion performed on his wife constitutes past

4

persecution -- is unavailing. The term "persecution" contemplates that "harm or suffering must be inflicted upon an individual in order to punish him for possessing a belief or characteristic a persecutor seeks to overcome." *Matter of Acosta*, 19 I. & N. Dec. 211, 223 (B.I.A. 1985) *overruled in part on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439, 441 (B.I.A. 1987). Dong presented no evidence that the family planning officials were even aware of his alleged resistance to the family planning policy, and thus did not show that the family planning officials who caused him emotional distress by performing a forcible abortion on his wife "were in part motivated by an assumption that his political views were antithetical to those of the Government." *In re S-P-*, 21 I. & N. Dec. 486, 492, 496 (B.I.A. 1996). Accordingly, the BIA did not err in finding that Dong failed to demonstrate past persecution on account of a protected ground. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 142 (2d Cir. 2007) (requiring evidence that a political opinion was imputed to family member of victim of forcible sterilization in order to establish nexus); *Mei Fun Wong v. Holder*, 633 F.3d 64, 79 (2d Cir. 2011) (recognizing the requirement of a nexus between the harm and the applicant's "other resistance").

5

Dong also argues that the BIA erred by failing to consider the evidence of his emotional suffering. This argument is without merit, as it is clear that the BIA considered the totality of the evidence, including a psychologist's report of Dong's major depressive disorder, in rendering its decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Finally, because Dong did not exhaust his administrative remedies as to withholding of removal, we lack jurisdiction to review the denial of this form of relief. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk