11-1417-ag
Mucaj v. Holder

BIA
Hom, IJ
A089 249 869

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

ARMEND MUCAJ,
        *Petitioner,*

        v.                                    11-1417-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Joshua Bardavid, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Linda S. Wernery, Assistant
                        Director; Susan Bennett Green, Trial
                        Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Armend Mucaj, a native of Yugoslavia and a citizen of Kosovo, seeks review of an April 6, 2011 decision of the BIA affirming the March 3, 2009 decision of an immigration judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Armend Mucaj*, No. A089 249 869 (B.I.A. Apr. 6, 2011), *aff'g* No. A089 249 869 (Immig. Ct. N.Y. City Mar. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In his petition, Mucaj contends that he was beaten and threatened on account of his work as a journalist, and accordingly, established past persecution and a well-founded

2

fear of future persecution.[1]  We conclude that the agency reasonably determined that Mucaj did not establish that any abuse he suffered was on account of his membership in a particular social group, *i.e.*, journalists in his home country.  The evidence showed that Kurbogaj, a witness in a murder trial whose testimony was described in an article Mucaj wrote about the trial, was angry about what Mucaj had written, and that people identifying themselves as Kurbogaj's associates beat and threatened Mucaj in response, almost a year after the article was published.  Mucaj conceded in response to a question by the IJ that the dispute amounted to a personal vendetta by Kurbogaj.  Thus, the agency's determination that the harm Mucaj suffered was based on a personal dispute, rather than his status as a journalist was supported by substantial evidence.  *See Koudriachova v. Gonzales,* 490 F.3d 255, 262 (2d Cir. 2007)

---

[1] The Government contends that Mucaj did not exhaust his administrative remedies as to the issue of whether he was a member of a particular social group of "journalists."  However, the IJ found that Mucaj "[c]learly" showed that he was a member of the particular social group of "journalist[s] in his home country."  The BIA did not disturb this finding and addressed the issue of whether the harm suffered by Mucaj had a sufficient nexus to his status as a journalist.  Accordingly, we consider the claim exhausted.  *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008).

3

("[I]n determining whether an applicant ultimately qualifies for asylum, courts must examine closely whether the persecution the applicant fears derives primarily from his . . . status as a member of th[e] particular social group or whether it derives primarily from some other factor."); *In re C- A-*, 23 I. & N. Dec. 951, 959 (B.I.A. 2006) (observing that a former police officer targeted "not because of his status as a former police officer, but because of his role in disrupting particular criminal activity, he would not be considered, without more, to have been targeted as a member of a particular social group").

Even assuming, *arguendo*, that the assault by Kurbogaj's associates can fairly be attributed to the government, Petitioner was unable to establish a nexus between the assault and a protected ground. Thus, the agency properly denied asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); 8 U.S.C. § 1231(b)(3); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 544 (2d Cir. 2005) ("[W]e treat as identical the requirement under each statute [*i.e.*, §§ 1101(a)(42) & 1231(b)(3)] of showing that persecution relates to an enumerated ground."). Further, because Mucaj did not show that the authorities were aware of his personal

4

dispute and refused to act in his defense, he did not show that it is more likely than not that he would be tortured if he returns to Kosovo. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (holding that an applicant seeking relief under the CAT must show, among other things, "that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk