Reyes-Basurto v. Holder

BIA
Gordon-Uruakpa, IJ
A088 155 162

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
>RALPH K. WINTER,
>REENA RAGGI,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

JOSE REYES-BASURTO,
>*Petitioner,*

>v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

10-3600-ag
NAC

_____

FOR PETITIONER:     Linda Kenepaske, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Matthew B. George, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jose Reyes-Basurto seeks review of an August 9, 2010 order of the BIA, affirming the October 30, 2008 decision of Immigration Judge ("IJ") Vivienne Gordon-Uruakpa, which, following her July 31, 2008 denial of his motion to suppress evidence and terminate his removal proceedings, ordered him removed to Mexico. *In re Reyes-Basurto*, No. A088 155 162 (B.I.A. Aug. 9, 2010), *aff'g* No. A088 155 162 (Immig. Ct. N.Y. City Oct. 30, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The central issue in this case is whether Reyes-Basurto was entitled to the suppression of the Border Patrol records

and his I-140, both of which were in government databases prior to his July 2007 arrest, but came to light, or were "linked" to him, following his arrest. The agency made no finding as to whether the arrest of Reyes-Basurto was an egregious violation of his constitutional rights so as to warrant suppression in removal proceedings. *See Almeida-Amaral v. Gonzales*, 461 F.3d 231, 234-35 (2d Cir. 2006). Instead, the agency found that the Border Patrol records and the I-140 constituted sufficient evidence obtained independently of the arrest to demonstrate Reyes-Basurto's alienage and removability, relying on *United States v. Crews*, 445 U.S. 463 (1980). Reyes-Basurto argues that *Crews* is not controlling here, and urges the Court to consider instead *Davis v. Mississippi*, 394 U.S. 721 (1969). In *Davis*, the Supreme Court held that fingerprint exemplars obtained during a criminal defendant's unlawful detention were inadmissible and therefore could not link the defendant to latent prints at the crime scene. *See id*. at 725-27. A plurality in *Crews* distinguished *Davis*, writing: "Had it not been for Davis' illegal detention . . . his prints would not have been obtained and he would never have become a suspect. Here, in contrast, the robbery investigation had already

3

focused on [Crews], and the police had independent reasonable grounds to suspect his culpability." *Crews*, 445 U.S. at 476. Reyes-Basurto argues that, like Davis, he would never have become a suspect but for the pre-dawn, warrantless invasion of his home. To the contrary, because the Government had pre-existing evidence in its databases that established Reyes-Basurto's alienage, he was at least a "suspect" in regards to removability even before his arrest.

Reyes-Basurto further argues that *United States v. Olivares-Rangel*, 458 F.3d 1104 (10th Cir. 2006), supports his argument that his pre-existing records are suppressible because they were "linked" to him as a result of an unlawful arrest. Even if we were to follow the Tenth Circuit's reasoning in *Olivares-Rangel*, however, the instant case is distinguishable in that there is no indication that the Government obtained Reyes-Basurto's Border Patrol records and I-140 via his fingerprints. Moreover, even if but for Reyes-Basurto's unlawful arrest the Government would not have asked his name and would not have run searches through its databases to find records demonstrating his alienage, suppression of the pre-existing records is not warranted on that basis alone. *See INS v. Lopez-Mendoza*, 468 U.S. 1032,

4

1039 (1984) (holding that identity of defendant or respondent is never suppressible as fruit of unlawful arrest). Because the arrest did not lead to the creation of new evidence of identity, such as fingerprints or photographs, we have no reason to decide here whether such evidence, when obtained for an investigative purpose, might fall outside the holding in *Lopez-Mendoza*. *See, e.g.*, *United States v. Oscar-Torres*, 507 F.3d 224, 228 (4th Cir. 2007); *United States v. Garcia-Beltran*, 389 F.3d 864, 866-67 (9th Cir. 2004); *but see, e.g.*, *United States v. Bowley*, 435 F.3d 426, 430–31 (3d Cir. 2006) (holding that *Lopez-Mendoza* generally precludes suppression of identity evidence absent egregious constitutional violation). Accordingly, the agency did not err in finding that the Border Patrol records and I-140 constituted independent evidence of Reyes-Basurto's alienage that was not subject to suppression.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk