11-3141-ag
Diombera v. Holder

BIA
Brennan, IJ
A093 426 594

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> DENNY CHIN,
> *Circuit Judges.*

_____

YOUNOUSS DIOMBERA,
> *Petitioner,*

v.                                              11-3141-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ernesto H. Molina, Jr.,
                       Assistant Director; D. Nicholas
                       Harling, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Younouss Diombera, a native and citizen of Mali, seeks review of a July 6, 2011, order of the BIA, affirming the September 29, 2009, decision of Immigration Judge ("IJ") Noel A. Brennan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Younouss Diombera*, No. A093 426 594 (B.I.A. July 6, 2011), *aff'g* No. A093 426 594 (Immig. Ct. N.Y. City Sept. 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Diombera failed to establish that he suffered past persecution as his claim of persecution was entirely based on the female genital

mutilation ("FGM") to which his wife had been subjected. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (stating that "[a]s a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic"); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (concluding "that the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered").

We have has recognized, however, that when an "applicant's family member was harmed as a means targeting the *applicant* on some protected ground, that harm may constitute persecution of the applicant." *Tao Jiang*, 500 F.3d at 141. Moreover, we have recognized that, even where the persecutor "neither directly harmed the applicant nor harmed the family member in order to target the applicant," the harm to an applicant's family member in conjunction with other factors may be sufficiently severe to amount to past persecution of the applicant. *Id*. at 142 (citing *Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006)). In such

3

cases, however, the applicant, *inter alia*, must have been "within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident." *Id.* at 141-42.

Here, the BIA reasonably found that Diombera failed to establish past persecution based solely on the harm suffered by his wife. First, as the BIA noted, nothing in the record suggested that Diombera's wife had been subjected to FGM as a means of targeting Diombera on account of a protected ground, as Diombera testified that his wife's family forced his wife to undergo the FGM procedure for a second time specifically because they believed that the first FGM procedure (which was performed when his wife was a child) was not done correctly. *See Tao Jiang*, 500 F.3d at 141. Moreover, Diombera was not in the "zone of risk" when his wife's family subjected her to FGM, as he concedes that he did not directly witness the procedure. Furthermore, Diombera failed to present any evidence that he had suffered lasting physical, emotional, or psychological hardship following the FGM procedure. *See Jorge-Tzoc*, 435 F.3d at 150; *Tao Jiang*, 500 F.3d at 141-42. Finally, contrary to Diombera's argument, any emotional or psychological harm that Diombera may have suffered as a result of his wife

4

having been subjected to FGM does not in itself constitute persecution of Diombera. *Tao Jiang*, 500 F.3d at 141-43 (finding no past persecution where forced abortion resulted in illness and diminished health to petitioner's mother, imposing "anguish . . . and . . . economic loss" to him).

Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of an enumerated ground and that his fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). In support of his claim of a well-founded fear, Diombera argues only that he and his wife desire to have more children, and that he would oppose any attempts to subject his future daughter to FGM. As the BIA found, Diombera's fear that he would be harmed while trying to protect a daughter who had not yet been born is too speculative to be objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (finding that an asylum applicant could not base a well-founded fear that he might be subjected to persecution on his desire to have more children in violation of China's family planning policy because the fear was "speculative"); *Lecaj v. Holder*, 616 F.3d 111, 117 (2d Cir. 2010) (finding that a "speculative" anxiety does not make a fear of future persecution objectively reasonable). Therefore, the agency

5

did not err in finding that Diombera failed to demonstrate a well-founded fear of persecution.  *See Ramsameachire*, 357 F.3d at 178.

Because Diombera failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground, the agency did not err in denying Diombera's application for asylum.  Because he failed to meet the burden of asylum, Diombera necessarily failed to meet the higher burdens for withholding of removal and CAT relief, as those claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk