Chen v. Holder
BIA
Gordon-Uruakpa, IJ
A070 894 073

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of August, two thousand twelve.

PRESENT:
>  JON O. NEWMAN,
>  DEBRA ANN LIVINGSTON,
>  CHRISTOPHER F. DRONEY,
>    *Circuit Judges.*

_____

JIAN CHENG CHEN,
>    *Petitioner,*

>    v.                                    11-4107
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:         Gerald Karikari, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Leslie McKay,
                        Assistant Director; Allison Frayer,
                        Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Cheng Chen, a native and citizen of the People's Republic of China, seeks review of a September 13, 2011, order of the BIA affirming the October 8, 2010, decision of Immigration Judge ("IJ") Vivienne E. Gordon-Uruakpa, denying his motion to reopen. *In re Jian Cheng Chen*, No. A070 894 073 (B.I.A. Sept. 13, 2011), *aff'g* No. A070 894 073 (Immig. Ct. N.Y. City Oct. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168-69 (2d Cir. 2008). We find no abuse of discretion in this case.

Initially, there is no dispute that Chen's 2010 motion to reopen was untimely because his administrative order of deportation became final in 1998. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). To the extent

Chen contends that the time and number limitations do not apply to his motion to reopen because his motion is "based on changed circumstances arising in" China, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments were properly rejected. Chen asserts that he established changed conditions in China because the China Democracy Party ("CDP") was not established until six months *after* his hearing date in 1998, and this change applies to him because he has since become a CDP member in the United States. However, as the agency found, his recent membership in the CDP was a change in personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008). Moreover, as the agency found, Chen failed to demonstrate material changed conditions in China because his evidence did not discuss the Chinese government's treatment of CDP members returning from the United States, much less a change in the treatment of such individuals. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)*; see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support" in the record that her fear is objectively reasonable, a petitioner's claim is "speculative at best").

Accordingly, the agency did not abuse its discretion in denying Chen's motion to reopen as untimely, 8 U.S.C.

3

§ 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii). Because the agency's denial of Chen's motion to reopen as untimely is dispositive, we do not consider his alternate argument that he established his *prima facie* eligibility for relief. *See Jian Hui Shao,* 546 F.3d at 168. Chen does not challenge the agency's denial of his motion to rescind his *in absentia* deportation order or its denial of his motion as a matter of discretion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4