Tas v. Holder

BIA
Hom, IJ
A078 227 092

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

MAHMUT TAS,
> *Petitioner,*

> v.                                          12-1531
> > NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:        Stuart Delery, Acting Assistant Attorney General; Alison Marie Igoe, Senior Counsel; Jeffrey L. Menkin, Senior Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner Mahmut Tas, a native and citizen of Turkey, seeks review of the March 29, 2012, decision of the BIA affirming the August 6, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Tas's applications for asylum, withholding of removal, and adjustment of status. *In re Mahmut Tas,* No. A078 227 092 (B.I.A. Mar. 29, 2012), *aff'g* No. A078 227 092 (Immig. Ct. N.Y. City Aug. 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review questions of law *de novo*. *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

2

## I.  Asylum & Withholding of Removal – The "Persecutor Bar"

The agency did not err in finding that Tas was statutorily ineligible for asylum and withholding of removal under the persecutor bar.  Under sections 1158(b)(2)(A)(i) and 1231(b)(3)(B)(i) of title 8 of the U.S. code, an alien who has "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion" is ineligible for asylum or withholding of removal.  These provisions are known collectively as the "persecutor bar." *Xu Sheng Gao v. U.S. Att'y Gen.*, 500 F.3d 93, 98 (2d Cir. 2007).  Under the Immigration and Nationality Act ("INA") and regulations, the burden of proof is on the alien to show eligibility for asylum and withholding of removal, *see* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C); 8 C.F.R. §§ 1208.13(a), 1208.16(a), and where the evidence indicates that the alien assisted or participated in persecution, the alien has "the burden of proving by a preponderance of the evidence that he [] did not so act." *Zhang Jian Xie v. INS*, 434 F.3d 136, 139 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(c)).

This Court has identified four factors underpinning the persecutor bar. *See Balachova v. Mukasey*, 547 F.3d 374, 384 (2d Cir. 2008). "First, the alien must have been involved in acts of persecution," as the term is defined in the INA's definition of "refugee." *Id.* Second, a "nexus must be shown between the persecution and the victim's race, religion, nationality, membership in a particular social group, or political opinion." *Id.* Third, if the alien did not incite, order, or actively carry out the persecution, his conduct "must have assisted the persecution." *Id.* (internal quotation marks omitted); *see also Fedorenko v. United States*, 449 U.S. 490, 512 n.34 (1981) (identifying a type of conduct that amounts to assistance in persecution and distinguishing it from conduct that does not). Finally, the applicant must have had "sufficient knowledge that his . . . actions may assist in persecution to make those actions culpable." *Balachova*, 457 F.3d at 385.

Under this framework, Tas's asylum application and an asylum officer's assessment memorandum — both of which memorialized Tas's admission that he had shot and beat ethnic Kurds while serving in the Turkish military — presented strong evidence that he was, in fact, a persecutor, and therefore he bore the burden of showing that

4

he was not.  *See Zhang Jian Xie*, 434 F.3d at 139.  To satisfy his burden, Tas relied solely on his own testimony that he did not personally beat or shoot any Kurdish civilians, but rather witnessed other soldiers in his military unit commit such acts.

However, the IJ reasonably credited the statements from Tas's asylum application and asylum interview, given that those statements bore a greater indicia of reliability because they were made before Tas was put on notice by the asylum officer that he might be subject to the persecutor bar due to his conduct in the Turkish military, and thus before he had incentive to modify his testimony in response to officer's assessment.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (explaining that, although an IJ must consider an applicant's explanations, he need not credit them unless a reasonable fact-finder would be compelled to do so); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding the weight afforded to an applicant's testimony and evidence in immigration proceedings lies largely within the discretion of the agency).

The IJ also reasonably relied on these dramatic discrepancies in the record to further discredit Tas's

testimony. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder"); *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (in pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole).

Thus, having reasonably credited Tas's statements from his asylum application and asylum interview that he shot and beat ethnic Kurds as a member of the Turkish military, the agency further properly determined that such conduct was sufficient to invoke the persecutor bar, as it constituted "assistance" in persecution. *See Balachova*, 547 F.3d at 385 ("Where the conduct was active and has direct consequences for the victims, we have concluded that it was assistance in persecution") (internal quotation omitted)). Tas does not contest that the persecution bore a nexus to a protected ground, *see id*. at 384, and his statement in his asylum application that he beat "innocent Kurdish villagers,"

6

rather than terrorists, belies his argument that he did not know his conduct assisted in persecution, *see id.* Accordingly, the persecutor bar precludes Tas's eligibility for relief. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), 1231(b)(3)(B)(i).

## II. Adjustment of Status

We are without jurisdiction to review Tas's claim that the agency erred in weighing factors relevant to the discretionary grant or denial of adjustment of status, as he does not raise a colorable constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Guyadin v. Gonzales,* 449 F.3d 465, 468-69 (2d Cir. 2006). The petition is therefore dismissed to the extent it challenges the discretionary denial of his adjustment of status application.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

7

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk