12-2538
Weng v. Holder

BIA
Straus, IJ
A087 448 055/056/057

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RALPH K. WINTER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

HENGQING WENG, QUNJU JIANG,
JUNCHAO WENG,
> *Petitioners,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

12-2538
NAC

_____

FOR PETITIONERS:       Paulus H. Chan, North Haven, CT.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Christina Bechak
                       Parascandola, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hengqing Weng, Qunju Jiang, and Junchao Weng, natives and citizens of the People's Republic of China, seek review of a May 25, 2012, decision of the BIA dismissing an appeal from the April 29, 2010, decision of Immigration Judge ("IJ") Michael W. Straus, which denied Hengqing Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where the BIA does not expressly adopt the IJ's decision but closely tracks its reasoning, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because the agency did not make an explicit credibility determination, we assume Weng's credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). In certain cases, opposition to government corruption may constitute a political opinion, and retaliation for expressing that opinion may amount to political persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir. 2005). In considering whether opposition to corruption constitutes a political opinion, we consider (1) "whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational," and (2) "whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to isolated, aberrational acts of greed or malfeasance." *Rodas Castro v. Holder*, 597 F.3d 93, 101 (2d Cir. 2010) (quotation marks and alterations omitted). To be sure, "[a]nswering these questions necessarily involves a complex and contextual factual inquiry into the nature of the asylum applicant's activities in relation to the political context in which the dispute took place." *Id*. (quotation marks omitted).

3

In this case, substantial evidence supports the agency's conclusion that Weng's fear of harm does not amount to a fear of retaliation based on his political opinion. The record shows that Weng co-signed, with three other people, one of whom was Weng's friend, a single letter to the district attorney objecting to corrupt actions by the city's vice-mayor. Weng's friend sent the letter to the city department that dealt with allegations of corruption, in the hopes that the vice-mayor would be arrested. Neither Weng nor the other co-signers told anyone else that they had written and sent the letter. This single action, against a single government official, more closely resembles a challenge to "isolated, aberrational acts" of malfeasance by an individual, rather than a challenge to a governing institution, even within the context of evidence of widespread corruption by government officials in China, particularly since there is also evidence that the government does in some cases prosecute corrupt officials. *See Rodas Castro*, 597 F.3d at 101. The agency also reasonably concluded that the evidence presented to the IJ was insufficient to show that the government imputed a political opinion to Weng. *See id*.

4

Because Weng did not demonstrate that he suffered past persecution or that any future harm he might encounter would be on account of a protected ground, the agency did not err in denying his application for asylum and withholding of removal.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3); *Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010).  To the extent that Weng raises a CAT claim, he did not raise that category of relief before the BIA and we thus lack jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5