He v. Lynch

BIA
Hom, IJ
A089 130 539

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

CUI HE,
> *Petitioner*,

> v.                 13-2308
>                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      G. Victoria Calle, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Nicole R. Prairie, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cui He, a native and citizen of China, seeks review of a May 21, 2013 decision of the BIA affirming an November 22, 2011 decision of an Immigration Judge ("IJ") denying He's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cui He*, No. A089 130 539 (B.I.A. May 21, 2013), *aff'g* No. A089 130 539 (Immig. Ct. N.Y. City Nov. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency found that He failed to demonstrate past persecution. He's petition for review does not challenge that finding; the single sentence in the argument summary of

her brief is inadequate to present the claim to this Court. So, to be eligible for relief, He needed to make an independent showing that she would be subjected to harm upon her return to China. 8 C.F.R. § 1208.13(b). She could do so by demonstrating either that she would be singled out for persecution or that there existed a pattern or practice of persecution of those similarly situated to her, i.e., members of underground Christian churches. 8 C.F.R. § 1208.13(b)(2).

He's brief to the BIA disavowed any claim that she would be singled out. Instead, she claimed that the background evidence (which she did not submit to the IJ) established a pattern or practice of persecution. In her petition for review, however, He has taken the opposite tack, positing that her credible testimony demonstrated that she will be singled out for persecution, and that she need not prove a pattern or practice of persecution.

"Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the BIA will not be examined by the reviewing court," even absent an argument from the government. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007). Given the record here, He

3

failed to exhaust her claim that she will be singled out for persecution, and so we do not consider it.

Although He does not argue that China has a pattern or practice of persecuting Christians, she contends that the agency abused its discretion in declining to consider the background evidence she submitted on appeal to the BIA, which would have supported a pattern or practice claim. The BIA may take administrative notice of country condition reports; but it is not obligated to do so. 8 C.F.R. § 1003.1(d)(3)(iv); *Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (*per curiam*) (recognizing the permissive nature of the BIA's authority to "exercise independent discretion" in taking notice of commonly known facts). Moreover, He fails to identify any particular articles or reports that would support a pattern or practice claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4