Gurung v. Boente

BIA
Sichel, IJ
A087 651 237

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand seventeen.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

JIJEN SINGH GURUNG,
> *Petitioner,*

v.                                            15-1610
                                              NAC

DANA J. BOENTE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

**FOR PETITIONER:**   Jijen Singh Gurung, pro se, Forest Hills, N.Y.

**FOR RESPONDENT:**   Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Carl H. McIntyre Assistant Director; Justin R. Markel, Senior Litigation Counsel, Office of Immigration

* The Clerk of Court is respectfully requested to amend the caption to conform to the above.

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jijen Singh Gurung, a native and citizen of Nepal, seeks review of an April 28, 2015, decision of the BIA, affirming a November 19, 2013, decision of an Immigration Judge ("IJ") denying Gurung's application for asylum as time barred. *In re Jijen Singh Gurung,* No. A087 651 237 (B.I.A. Apr. 28, 2015), *aff'g* No. A087 651 237 (Immig. Ct. N.Y. City Nov. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). An asylum application must be filed within one year of an applicant's arrival in the United States, absent "changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's pretermission of asylum on timeliness grounds is limited to "constitutional claims or questions of law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). To

2

determine whether jurisdiction exists in a particular case, we "study the arguments asserted" and ask, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices," in which case we would lack jurisdiction. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Gurung arrived in the United States in 2005 and applied for asylum four years later in 2009. He asserts that the agency violated due process when it failed to consider that the "political instability and uncertainty" in Nepal between 2005 and 2009, the Maoists' victory in the April 2008 national elections and their "complete takeover of the Nepalese government by 2009," and Gurung's loss of hope that the political situation in Nepal would improve were changed circumstances excusing the untimely filing. Pet'r's Br. at 9. This assertion is belied by the record. The IJ addressed Gurung's testimony concerning events in 2008 and 2009 and his hopes that the situation in Nepal would improve, but concluded that Gurung failed to establish changed circumstances given, *inter alia*, the persecution that he suffered prior to departing Nepal in 2005. Accordingly, the IJ did not ignore any evidence or testimony. *See Xiao Ji Chen*, 471 F.3d at 340 n.17 (holding

3

that the Court presumes that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Gurung's remaining challenges to the changed circumstances ruling are mere factual challenges that we do not have jurisdiction to review.

For the foregoing reasons, we DISMISS the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4